Dean A. Christopherson (SBN 121723)
DAWE & CHRISTOPHERSON LLP
1111 Civic Drive, Suite 380
Walnut Creek, CA 94596
Telephone: (925) 256-6677
Facsimile: (925) 256-6678
Email Address: dac@cnlaw.com

Charles A. Valente (SBN 242740)
Margaret A. Lavanish
Krasnow Saunders Cornblath, LLP
500 North Dearborn Street, Suite 200
Chicago, Illinois 60610
(312) 755-5700
(312) 755-5720 (Fax)

Attorneys for Defendant
COSTCO WHOLESALE CORPRATION, AND
COSTCO WHOLESALE MEMBERSHIP, INC.

ORIGINAL
FILED

SEP 2 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 07 4948

| | |
|---|---|
| MIKE FERNANDES, | Case No. |
| Plaintiff, | NOTICE OF REMOVAL |
| vs. | Trial Date:   Not Yet Set |
| COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE MEMBERSHIP, INC., ET AL., | |
| Defendant. | |

PLEASE TAKE NOTICE that Defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc. (collectively, "Costco"), the only defendants in this action save those named as "Does 1 thorugh 100", removed this matter from the Superior Court of the State of California in and for the County of Contra Costa under Case No. C 07-01713 (the "State Court Action") to the above Court pursuant to 28 U.S.C. § 1441 (b) and 28 U.S.C. §1446. Removal is proper for the following reasons:

///

Dawe & Christopherson, LLP
1111 Civic Drive, Suite 380
Walnut Creek, CA 94596

1       1. On July 23, 2007, Plaintiff Mike Fernandes ("Fernandes") filed his Complaint
2 in the State Court Action and served Costco with a copy of the Complaint on August 27,
3 2007. True and correct copies of the Summons and Complaint from the State Court
4 Action are attached hereto as Exhibits A and B respectively.

5       2. In the Complaint, Fernandes asserts a cause of action against Costco pursuant to
6 the Americans With Disabilities Act and alleges that Costco failed to meet its obligations
7 under that statute and the Americans With Disabilities Act Accessibility Guidelines. Ex.
8 A (Complaint, ¶ 9).

9       3. Accordingly, pursuant to 28 U.S.C. § 1441 (b) and 28 U.S.C. § 1331, this Court
10 has original jurisdiction over this matter because the Complaint on its face states a federal
11 question arising under the laws of the United States. Specifically, the Complaint's
12 principal claim against Costco arises under Title III of the Americans With Disabilities
13 Act, 42 U.S.C. § 12181 et seq.

14       4. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over
15 Plaintiff's remaining state law claims: violation of the Unruh Civil Rights Act (Cal. Civ
16 §§ 51-53), violation of the California Disabled Persons Act (Cal. Civ. § 54-54.8), and
17 negligence

18       5. Pursuant to 28 U.S.C. § 1446 (d), written notice of filing of this Notice of
19 Removal will be served promptly on all parties, and a copy of the Notice of Removal shall
20 be filed promptly with the Superior Court for the State of California in and for the County
21 of Contra Costa, where this action was pending prior to this removal.

22

23                                   **DAWE & CHRISTOPHERSON LLP**

24

25 Dated: September 24, 2007

26                                     Dean A. Christopherson
                                    Counsel for Costco Wholesale Corpration, and
27                                     Costco Wholesale Membership, Inc.

28

Dawe & Christopherson, LLP
1111 Civic Drive, Suite 380
Walnut Creek, CA 94596

# EXHIBIT A

8-27 11:30

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSTCO WHOLESALE CORPORATION, A Washington Corporation;
COSTCO WHOLESALE MEMBERSHIP, INC., A California
Corporation, and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MIKE FERNANDES



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D

JUL 23 2007

K. TORRE CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA

By _____ , Deputy Clerk
G. Green

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Justice Wakefield Taylor Courthouse
725 Court Street
Martinez, CA 94553

CASE NUMBER
(Número del Caso) **07 - 01718**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark D. Potter / Russell C. Handy    100 East San Marcos Blvd Suite 400
Center for Disability Access, LLP    San Marcos, CA 92069    (760)480-4162

DATE: 7-23-07    CLERK OF THE    Clerk, by G. Green , Deputy
*(Fecha)*    SUPERIOR COURT    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Costco Wholesale Membership, Inc., a California Corporation
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

COPY

# EXHIBIT B

1  CENTER FOR DISABILITY ACCESS, LLP
   M. ERIC PARKAN, ESQ., SBN 35687
2  MARK D. POTTER, ESQ., SBN 166317
   RUSSELL C. HANDY, ESQ., SBN 195058
3  CHRISTIANA POYNTER, ESQ., SBN 234409
   100 East San Marcos Blvd., Suite 400
4  San Marcos, CA 92069-2988
   (760) 480-4162
5  Fax (760) 480-4170

6  Attorney for Plaintiff, MIKE FERNANDES

7

8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF CONTRA COSTA

10

11  MIKE FERNANDES,                    )  Case No.: **C  07 - 01713**
                                       )
12        Plaintiff,                   )  **COMPLAINT FOR DAMAGES AND
                                       )  INJUNCTIVE RELIEF FOR
13  v.                                 )  VIOLATIONS OF:** AMERICAN'S
                                       )  WITH DISABILITIES ACT; UNRUH
14  COSTCO WHOLESALE                   )  CIVIL RIGHTS ACT; CALIFORNIA
    CORPORATION, A Washington          )  DISABLED PERSONS ACT;
15  Corporation; COSTCO WHOLESALE      )  NEGLIGENCE
    MEMBERSHIP, INC., A California     )
16  Corporation, and DOES 1 through 100, )  **DEMAND FOR JURY**
    inclusive,                        )
17                                     )  PER LOCAL RULE 5 THIS
          Defendants.                  )  CASE IS ASSIGNED TO
18                                     )  DEPT _____

19        Plaintiff   MIKE   FERNANDES   complains   of   Defendants   COSTCO

20  WHOLESALE   CORPORATION,   A   Washington   Corporation;   COSTCO

21  WHOLESALE MEMBERSHIP, INC., A California Corporation, and DOES 1 through

22  100, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

23  **PARTIES:**

24        1.   Plaintiff is a California resident with physical disabilities.  He suffers from

25  Machado Joseph Disease or SCA3 (Spinocerebellar Ataxia type 3), who requires the

26  use of a wheelchair and a care giver.

27        2.   Defendants are or were at the time of the incident the owners and operators

28  and/or lessors and lessees of the Wholesale Membership Store located at 2201 Verne

                                        -1-
                                     Complaint

1  Roberts Circle, Antioch, California.

2      **3.** Plaintiff does not know the true names of Defendants, their business

3  capacities, their ownership connection to the property and business, or their relative

4  responsibilities in causing the access violations herein complained of, and alleges a

5  joint venture and common enterprise by all such Defendants. Plaintiff is informed and

6  believes that each of the Defendants herein, including DOES 1 through 100, inclusive,

7  is responsible in some capacity for the events herein alleged, or is a necessary party for

8  obtaining appropriate relief. Plaintiff will seek leave to amend when the true names,

9  capacities, connections, and responsibilities of the Defendants and DOES 1 through

10  100, inclusive, are ascertained

11  **FACTUAL ALLEGATIONS:**

12      **4.** The Plaintiff has been to the Wholesale Membership Store as a patron with

13  his care giver on many occasions, most recently on February 13, 2007.

14      **5.** The Wholesale Membership Store is a facility open to the public, a place of

15  public accommodation, and a business establishment.

16      **6.** Unfortunately, the Wholesale Membership Store presented barriers to persons

17  in wheelchairs, violations of the Americans with Disabilities Act Accessibility

18  Guidelines ("ADAAG") and Title 24 of the California Code of Regulations, including,

19  but not limited to, there was a lack of properly marked and configured disabled

20  accessible parking places, with many ostensible accessible parking places lacking

21  access aisles and containing other violations.

22      **7.** Naturally, Plaintiff FERNANDES was frustrated, angry and/or vexed as a

23  result of encountering unlawful conditions, violations of his civil rights, and the lack of

24  safe, convenient and accessible facilities. Although these injuries are modest in scope

25  and did not result in any loss of wages or economic damage or medical care or

26  attention, the continued violation of the plaintiff's civil rights by these defendants and

27  the highly unpleasant emotional distress caused by such unlawful treatment is

28  attributable to the actions or inactions of the defendants and plaintiff seeks redress from

Complaint

these defendants for such injury.

8. Plaintiff would like to return and patronize the Defendants' Wholesale Membership Store but because of plaintiff's knowledge of the existence of the inaccessible conditions and policies, the plaintiff is unable to use the Wholesale Membership Store on a "full and equal" basis until the Wholesale Membership Store is brought into compliance with the provisions of the Americans with Disabilities Act Accessibility Guidelines and state accessibility law as pled herein. Plaintiff has been and currently is being deterred from returning and patronizing the Defendants' Wholesale Membership Store.

**I. FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants (42 U.S.C. section 12101, et seq.)

9. The defendants are persons who either own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there was a lack of properly marked and configured disabled accessible parking places, with many ostensible accessible parking places lacking access aisles and containing other violations, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the plaintiff.

**II. SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51-53)

10. The defendants are persons who either own, operate, lease or lease to a place of public accommodation or business establishment. As such, the Defendants are

1   required to (1) ensure that all construction, alteration, or modification is barrier free and
2   complies with the Americans with Disabilities Act Accessibility Guidelines
3   ("ADAAG") and Title 24 of the California Code of Regulations (aka "California
4   Building Code"); and (2) remove all existing barriers where such removal is "readily
5   achievable." The Defendants have failed to meet these obligations. The Defendants
6   intended the physical and architectural condition of their property. The existence of
7   readily achievably removed barriers and barriers in violation of the ADAAG and/or
8   California Building Code, including, but not limited to, there was a lack of properly
9   marked and configured disabled accessible parking places, with many ostensible
10  accessible parking places lacking access aisles and containing other violations, is
11  unlawful and has resulted in the defendants' failure to provide full and equal
12  accommodations, advantages, facilities, privileges and/or services to the plaintiff.

13      **11.** The acts alleged above, which form the basis of the plaintiff's discrimination
14  claim, are intentional acts.

15  **III.   THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA
        DISABLED PERSONS ACT (On behalf of Plaintiff and Against All
16      Defendants) (Cal Civ § 54-54.8)

17      **12.** The defendants are persons who either own, operate, lease or lease to a place
18  of public accommodation or a facility open to the public. As such, the Defendants are
19  required to (1) ensure that all construction, alteration, or modification is barrier free and
20  complies with the Americans with Disabilities Act Accessibility Guidelines
21  ("ADAAG") and Title 24 of the California Code of Regulations (aka "California
22  Building Code"); and (2) remove all existing barriers where such removal is "readily
23  achievable." The Defendants have failed to meet these obligations. The existence of
24  readily achievably removed barriers and barriers in violation of the ADAAG and/or
25  California Building Code, including, but not limited to, there was a lack of properly
26  marked and configured disabled accessible parking places, with many ostensible
27  accessible parking places lacking access aisles and containing other violations, is
28  unlawful and has resulted in the defendants' failure to provide full and equal

accommodations, advantages, facilities, privileges and/or services to the plaintiff.

**IV.    FOURTH CAUSE OF ACTION:** NEGLIGENCE (On behalf of Plaintiff and Against All Defendants)

**13.** The defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiff in the running of their Wholesale Membership Store. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

**1.** For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. **Note:** the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.

**2.** Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act. **Note:** A defendant cannot be held liable for damages under both the Unruh Civil Rights Act and the California Disabled Persons Act and the plaintiff will make an election at trial depending upon the evidence amassed.

**3.** Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: May 15, 2007            CENTER FOR DISABILITY ACCESS, LLP

By:_____
    MARK D. POTTER
    Attorneys for Plaintiff

-5-

Complaint

1

## DEMAND FOR JURY TRIAL

2

3

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

4

Dated:    May 15, 2007          CENTER FOR DISABILITY ACCESS, LLP

5

6

By: _____

7

MARK D. POTTER
Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

Complaint

Dawe & Christopherson, LLP
1111 Civic Drive, Suite 380
Walnut Creek, CA 94596

## CERTIFICATE OF SERVICE

I am a citizen of the United States, and employed in the City of Walnut Creek, County of Contra Costa. I am over the age of eighteen (18) years, and not a party to the within above-entitled action. My business address is 1111 Civic Drive, Suite 380, Walnut Creek, CA 94596. On September 24, 2007, I served the following document(s) on the party(ies) listed below:

### NOTICE OF REMOVAL

**(X)**    **(BY MAIL)** By depositing for collection and mailing, following ordinary business practices, a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid.

Mark D. Potter
Center for Disability Access, LLP
100 East San Marcos Boulevard
San Marcos, CA  92069

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on the date first written above, at Walnut Creek, California, California.

_____
Dean A. Christopherson