1  Dean A. Christopherson (SBN 121723)
   **DAWE & CHRISTOPHERSON LLP**
2  1111 Civic Drive, Suite 380
   Walnut Creek, CA 94596
3  Telephone: (925) 256-6677
   Facsimile: (925) 256-6678
4  Email Address: dac@calaw.com

5  Charles A. Valente (SBN 242740)
   Margaret A. Lavanish
6  **KRASNOW SAUNDERS CORNBLATH, LLP**
   500 North Dearborn Street, Suite 200
7  Chicago, Illinois 60610
   Telephone:(312) 755-5700
8  Facsimile: (312) 755-5720

9  Attorneys for Defendant
   COSTCO WHOLESALE CORPRATION, AND
10 COSTCO WHOLESALE MEMBERSHIP, INC.

11

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15 MIKE FERNANDES, | Case No. C07-4948-MJJ |
| 16   Plaintiff, | ANSWER OF COSTCO WHOLESALE CORPRATION, AND COSTCO WHOLESALE MEMBERSHIP, INC. |
| 17   vs. | |
| 18 COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE MEMBERSHIP, INC., ET AL., | Trial Date:   Not Yet Set |
| 20   Defendants. | |

21

22 Defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc.,

23 (collectively, "Costco"), by their undersigned counsel, hereby answer the Complaint for

24 Damages and Injunctive Relief as follows:

25      **Allegations of Paragraph 1:** Plaintiff is a California resident with physical

26 disabilities. He suffers from Machado Joseph Disease or SCA3 (Spinocerebellar Ataxia type

27 3), who requires the use of a wheelchair and a care giver.

28 / / /

Answer of Costco Defendants          -1-
Case No. C07-4948-MJJ

**ANSWER:** Costco is without knowledge or information sufficient to form a belief as to the truth of Paragraph 1.

**Allegations of Paragraph 2:** Defendants are or were at the time of the incident the owners and operators and/or lessors and lessees of the Wholesale Membership Store located at 2201 Verne Roberts Circle, Antioch, California.

**ANSWER:** Costco admits that Costco Wholesale Corporation operates a warehouse for the sale of goods to its members at 2201 Verne Roberts Circle, Antioch, California.

**Allegations of Paragraph 3:** Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 100, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 100, inclusive, are ascertained.

**ANSWER:** Costco is without knowledge or information to form a belief as to the truth of Paragraph 3.

**Allegations of Paragraph 4:** The Plaintiff has been to the Wholesale Membership Store as a patron with his caregiver on many occasions, most recently on February 13, 2007.

**ANSWER:** Costco is without knowledge or information sufficient to form a belief as to the truth of Paragraph 4.

**Allegations of Paragraph 5:** The Wholesale Membership Store is a facility open to the public, a place of public accommodation, and a business establishment.

**ANSWER:** Costco admits that its warehouses are places of public accommodation and business establishments. Costco denies any remaining allegations in Paragraph 5.

**Allegations of Paragraph 6:** Unfortunately, the Wholesale Membership Store presented barriers to persons in wheelchairs, violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations, including, but not limited to, there was a lack of properly marked and configured disabled accessible parking places, with many ostensible accessible parking places lacking access aisles and containing other violations.

**ANSWER:** Denied.

**Allegations of Paragraph 7:** Naturally, Plaintiff FERNANDES was frustrated, angry and/or vexed as a result of encountering unlawful conditions, violations of his civil rights, and the lack of safe, convenient and accessible facilities. Although these injuries are modest in scope and did not result in any loss of wages or economic damage or medical care or attention, the continued violation of the plaintiff's civil rights by these defendants and the highly unpleasant emotional distress caused by such unlawful treatment is attributable to the actions or inactions of the defendants and plaintiff seeks redress from these defendants for such injury.

**ANSWER:** Denied.

**Allegations of Paragraph 8:** Plaintiff would like to return and patronize the Defendants' Wholesale Membership Store but because of plaintiff's knowledge of the existence of the inaccessible conditions and policies, the plaintiff is unable to use the Wholesale Membership Store on a "full and equal" basis until the Wholesale Membership Store is brought into compliance with the provisions of the Americans with Disabilities Act Accessibility Guidelines and state accessibility law as pled herein. Plaintiff has been and currently is being deterred from returning and patronizing the Defendants' Wholesale

1  Membership Store.

2  **ANSWER:**   Denied.

3  **I.   FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants (42 U.S.C. section 12101, et seq.)**

**Allegations of Paragraph 9:** The defendants are persons who either own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there was a lack of properly marked and configured disabled accessible parking places, with many ostensible accessible parking places lacking access aisles and containing other violations, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the plaintiff.

**ANSWER:**   Denied.

**II.   SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51-53)**

**Allegations of Paragraph 10:** The defendants are persons who either own, operate, lease or lease to a place of public accommodation or business establishment. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The

Defendants have failed to meet these obligations. The Defendants intended the physical and architectural condition of their property. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there was a lack of properly marked and configured disabled accessible parking places, with many ostensible accessible parking places lacking access aisles and containing other violations, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the plaintiff.

**ANSWER:** Denied.

**Allegations of Paragraph 11:** The acts alleged above, which form the basis of the plaintiff's discrimination claim, are intentional acts.

**ANSWER:** Denied.

## III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 54-54.8)

**Allegations of Paragraph 12:** The defendants are persons who either own, operate, lease or lease to a place of public accommodation or a facility open to the public. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there was a lack of properly marked and configured disabled accessible parking places, with many ostensible accessible parking places lacking access aisles and containing other violations, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the

Dawe & Christopherson, LLP
1111 Civic Drive, Suite 380
Walnut Creek, CA 94596

plaintiff.

**ANSWER:** Denied.

## IV. FOURTH CAUSE OF ACTION: NEGLIGENCE (On behalf of Plaintiff and Against All Defendants)

**Allegations of Paragraph 13:** The defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiff in the running of their Wholesale Membership Store. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES

1. As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each purported claim alleged therein, fails to state a claim upon which relief can be granted.

2. As a separate and distinct affirmative defense, Defendants allege that plaintiff has failed to state a claim entitling him to attorneys' fees.

3. As a separate and distinct affirmative defense, Defendants allege that plaintiff failed to mitigate any damages in this matter.

4. As a separate and distinct affirmative defense, Defendants allege that plaintiff's alleged injuries and alleged damage, if any, were proximately caused and contributed to by his own negligence, misfeasance, and/or malfeasance and, therefore, any remedy or recovery to which plaintiff might have otherwise been entitled must be denied or reduced accordingly.

5. As a separate and distinct affirmative defense, Defendants allege that the Complaint is barred by the doctrines of estoppel and unclean hands.

///

///

6. As a separate and distinct affirmative defense, Defendants allege that if plaintiff in fact suffered any emotional distress, it was proximately caused by factors other than any act or omission of Defendants.

8. As a separate and distinct affirmative defense, Defendants allege that requiring modifications to the Defendants' policies, practices, or procedures would fundamentally alter the nature of Defendants' services, facilities, privileges, advantages, or accommodations.

9. As a separate and distinct affirmative defense, Defendants allege that plaintiff does not have standing to raise some or all of his claims.

10. As a separate and distinct affirmative defense, Defendants allege that this action is barred by the doctrine of *laches*.

11. As a separate and distinct affirmative defense, Defendants allege that this action is barred by the doctrine of waiver.

12. As a separate and distinct affirmative defense, Defendants allege that if any exterior area, space, or element of its warehouse is not in strict compliance with either the Americans With Disabilities Act Accessibility Guidelines ("ADAAG") or applicable State of California accessibility requirements, it is, nevertheless, within conventional building industry tolerances for field conditions and, therefore, do comply with ADAAG and such State of California accessibility requirements.

WHEREFORE, Defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc. pray that Plaintiff take nothing by his complaint, that this Court dismiss this matter with prejudice and that the Court award Defendants their costs and attorneys' fees incurred herein.

Dated: October 5, 2007

DAWE & CHRISTOPHERSON LLP

Dean A. Christopherson
Counsel for Costco Wholesale Corpration, and Costco Wholesale Membership, Inc.

Answer of Costco Defendants
Case No. C07-4948-MJJ.

-7-

# CERTIFICATE OF SERVICE

I am a citizen of the United States, and employed in the City of Walnut Creek, County of Contra Costa. I am over the age of eighteen (18) years, and not a party to the within above-entitled action. My business address is 1111 Civic Drive, Suite 380, Walnut Creek, CA 94596. On October 5, 2007, I served the following document(s) on the party(ies) listed below:

**ANSWER OF COSTCO WHOLESALE CORPORATION, AND COSTCO WHOLESALE MEMBERSHIP, INC.**

(X)  (BY MAIL) By depositing for collection and mailing, following ordinary business practices, a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid.

Mark D. Potter
Center for Disability Access, LLP
100 East San Marcos Boulevard
San Marcos, CA  92069

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on the date first written above, at Walnut Creek, California, California.

Dean A. Christopherson

CERTIFICATE OF SERVICE